

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO MATEO LORENZO,<br><br>                                        Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                                        Respondents. | Case No.:  26cv3767 DMS (MMP)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Petitioner alleges that on June 10, 2026, he was unlawfully detained by border patrol agents while passing through an immigration checkpoint. (Pet. at 9.)  Petitioner characterizes his arrest as a re-detention, i.e., that he had been detained in the past by immigration officials and thereafter released into the United States.  Notably, Petitioner failed to submit any evidence to support that characterization, and the evidence submitted by Respondents contradicts Petitioner's assertion.  Specifically, it indicates Petitioner attempted to enter the United States on at least three prior occasions after which he was removed. (Return, Ex. 1, ECF No. 4-1 at 6.)  Petitioner alleges a number of claims based on the assertion that his June 10, 2026 detention was a re-detention, (*see* Pet. at 17, 18, 21, 22), but based on the

1

evidence before the Court, those claims are based on a faulty premise, and therefore denied.

Petitioner's remaining claims allege Respondents' failure to provide him with a bond hearing violates his right to due process and the Immigration and Nationality Act, and Petitioner's detention violated the Fourth Amendment. Respondents argue Petitioner is properly detained under 8 U.S.C. § 1225(b)(2), but acknowledge this Court has reached the opposite conclusion based on the same or similar facts. They therefore do not oppose the petition and defer to the Court on the appropriate relief.

In a case decided yesterday, the Ninth Circuit held that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A). *Rodriguez Vasquez v. Bostock*, ___ F.4th ___, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Petitioner falls within that definition, i.e., he is a noncitizen present in the United States without admission and was apprehended in the interior of the United States, thus his detention is governed by § 1226, not § 1225(b)(2)(A). Accordingly, Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration judge within fourteen (14) days of this Order unless Petitioner requests a continuance. At that bond hearing, Petitioner shall have the burden of proving by a preponderance of the evidence that he is not a flight risk or danger to the community if released on bond. The parties shall file a Joint Status Report within twenty-one (21) days of this Order's entry confirming Petitioner received a bond hearing and setting out the results thereof.

**IT IS SO ORDERED.**

Dated: July 31, 2026

Hon. Dana M. Sabraw
United States District Judge

2

26cv3767 DMS (MMP)